[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON POST JUDGMENT MOTIONS
Pending before the Court is the plaintiff Christine Paul's ("mother") motion for contempt and the defendant Timothy Paul's ("father") motion for modification. The father's motion seeks to modify the alimony and support orders.
A judgment of dissolution entered in this case on May 14, 1997 awarding $150 a week in alimony and $500 a week in child support. The parties have agreed that since the entry of judgment, the father should have paid $23,400 in alimony and child support under the final order, but has only paid $4,900, creating an arrearage of $18,500.
The child support guidelines filed when judgment entered indicated that the father should pay $356 a week in child support. The record does not show any findings indicating a basis for the ordered deviation from the child support guidelines calculation. At the hearing on the pending motions, the attorney for the wife, who also represented her when judgement entered, was unable to articulate any basis for the deviation or verify that the court entering judgment found a basis for the deviation. No transcript of the judgment proceedings has been provided to this court.
The court concludes that a sufficient basis exists to modify the child support obligations under General Statutes Section 46b-86(a) on the grounds that the wife is now working part time and the final order of child support deviated from the child support guidelines without a finding explaining the reason for the deviation. The court grants the motion to modify the judgment and orders the child support payment to be reduced to $215 a week. This amount is within 15% of the amount indicated by the present child support guidelines calculation based on the father's net weekly income of $562 and the mother's net weekly income of $100, and is justified because of the excess amount of child support the father is obligated to pay over the guidelines as part of the final order.
The final support orders cannot be retroactively modified. C.G.S. Sec. 46b-86(a). Therefore, the court is required to find that the father is in arrears on the child support and alimony CT Page 1642 payments under the final judgment in the amount of $18,500. The Court orders this arrearage to be paid at the rate of $20 a week. This arrearage payment deviates from the current guidelines arrearage calculation and is equitably justified because of the excessive amount that the father has been required to pay over the guidelines' calculation under the final order. The $150 a week alimony payment shall remain unchanged.
In summary, the Motion for Modification is granted, with the Court finding an arrearage of $18,500, and the Court ordering the father to make payments as follows: 1) child support in the amount of $215 a week; 2) alimony in the amount of $150 a week; and 3) payment on the arrearage in the amount of $20 a week. This total payment of $365 a week shall be made through a wage withholding. Pursuant to the parties' agreement, this order shall be retroactive to October 27, 1997 and the defendant shall be entitled to a credit for any payments made by him since October 27, 1997.
The Motion For Contempt is denied.
So ordered this 6th day of February, 1998.
Stevens, J.